38

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
NOV 2 8 2007
CLERK'S OFFICE
DETROIT

JONATHON LEE RICHES,

        Plaintiff,

v.

BRAD PITT, et al.,

        Defendants.

_____/

CIVIL ACTION NO. 07-14615

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION:

I recommend that the Complaint be summarily dismissed for lack of subject matter jurisdiction.

### II.    REPORT:

#### A.    Procedural History

Notwithstanding the fact that Plaintiff has neither paid the filing fee nor submitted a request for leave to file a complaint in forma pauperis, his handwritten Complaint was filed on October 29, 2007. On November 19, 2007, the assigned district judge referred the case to the magistrate judge for all pretrial purposes.

#### B.    Factual History

The Complaint alleges that Defendants Brad Pitt and Angelina Jolie, both well known actors, and their four minor children conspired among themselves and with others to kidnap, enslave and abuse Madeleine McCann, a child of British nationality, whose disappearance has been the subject of substantial public discussion over the past several months. Plaintiff alleges that Defendants abducted the child from her parent's hotel room

in Portugal, and that they have transported her to Dearborn, Michigan, where she is currently being held against her will. Plaintiff seeks a Temporary Restraining Order prohibiting the adult Defendants from adopting any more children, and an Order under Fed.R.Civ.P. 64 directing Defendants to return McCann to her family. Plaintiff further seeks $750,000,000.00 in damages from the Defendants, as well as the deportation of the minor Defendants. He further prays for the entry of a restraining order to stop international kidnaping, and moves to detain Defendants for questioning in connection with the mistreatment of himself as well as the McCann kidnaping.[1]

## C.   Analysis

Fed.R.Civ.P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

> Article III of the Constitution confines federal courts to adjudicating actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The constitutional requirement is that the "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id. at 751, 104 S.Ct. At 3324. This "injury in fact" requirement mandates that the party allege "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) (quoting Baker v. Carr, 369 U.S. 196, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). As the Allen court noted, this constitutional component has not been precisely defined but requires an allegation that the injury is "distinct and palpable," and "not 'abstract' or 'conjectural' or 'hypothetical.'"

Associated Builders & Contractors v. Perry, 16 F.3d 688, 690-91 (6th Cir. 1994).

---

[1] Plaintiff maintains that he "is not being fed by Defendants."

A party invoking federal jurisdiction bears the burden of establishing the standing elements of (1) "injury in fact," (2) a causal connection between the injury and the conduct complained of, and (3) that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996). Standing is an "essential and unchanging part of the case or controversy requirement of Article III." Lujan, 504 U.S. at 560. The party seeking entrance to a federal judicial forum bears the burden of asserting facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. Warth v. Seldin, 422 U.S. 490, 518 (1975). Ordinarily, a party may not rely on the rights or interests of third parties to establish standing. Kowalski v. Tesmer, 543 U.S. 125, 129 (2004); Warth, 422 U.S. at 499.

The bizarre factual assertions of Plaintiff's Complaint, in the main, accuse the Defendants of various forms of criminal conduct directed against the person of Madeleine McCann. The crimes alleged include kidnaping, child abuse, identification and passport fraud, conspiracy, assault, stalking, harassment and identity theft. To the extent that such offenses occurred outside the jurisdictional limits of the United States, they lie beyond the adjudicative authority of this court. Even to the extent that Plaintiff alleges violations of United States criminal law, his Complaint raises no justiciable issue. A private citizen has no authority to initiate a federal criminal prosecution of another person for alleged unlawful acts. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986). A private citizen simply lacks a judicially cognizable interest in the prosecution or non-prosecution of another.

> Although the law of standing has been greatly changed in the last ten years, we have steadfastly adhered to the requirement that, at least in the absence of a statute expressly conferring standing, federal plaintiffs must allege some threatened or

3

actual injury resulting from the putatively illegal action before
a federal court may assume jurisdiction.

Linda R.S. v. Richard D. and Texas, et al., 410 U.S. 614, 617 (1973). In the case at bar,

Plaintiff has made no showing of a direct nexus between the vindication of his interests and

the enforcement of criminal laws relating to the Defendants alleged conduct toward

McCann. Under such circumstances, dismissal of the action for want of standing is

required.

The only allegation in the Complaint suggesting an injury to Plaintiff's own interests

is his statement that "Plaintiff is not being fed by Defendants." The Complaint does not

reveal whether the assertion is intended to state a civil rights claim pursuant to 42 U.S.C.

§1983, or some other form of common law tort. In either event, the claim is patently

frivolous. The Defendants, motion picture actors and their minor children, are manifestly

not state actors, as would be essential to a §1983 claim. Nor is there any conceivable

basis upon which to infer any common law or statutory duty whatsoever on their part to

provide nourishment to the Plaintiff. The burden of proving jurisdiction lies with the

Plaintiff. Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 1266 (6th Cir.

1990). A district court may, at any time, dismiss a complaint for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) "when the allegations of a complaint are totally

implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to

discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is frivolous

"where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 325 (1989). "A complaint lacks an arguable or rational basis in law 'if it is based on

legal theories that are indisputably meritless.'" Abner v. SBC, 86 F.Appx. 958 (6th Cir. 2004)

(quoting Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000)). "A complaint lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" Abner, 86 F.Appx. at 958 (quoting Neitzke, 490 U.S. at 327-28). In my view, a Complaint by an imprisoned convict premised on the theory that movie actors and their minor children have failed to see to his dietary needs meets the standard necessary to warrant dismissal as a frivolous claim.[2]

It should be noted that this Plaintiff has filed at least 148 civil suits in various federal courts throughout the country. (See Exhibit 1). Many of his cases have been dismissed as frivolous or insubstantial claims. (See Exhibit 2). Whether Plaintiff's habitual filing of groundless lawsuits stems from unsoundness of mind, malicious intent to disrupt the legal system or some other etiology, he should not be permitted to burden the court with baseless claims. I recommend that the Complaint be summarily dismissed, with prejudice. I would further recommend that the court consider a local rule prohibiting the filing of any complaint as to which a plaintiff has failed to: (a) pay the filing fee, or (b) submit a properly completed IFP Application.[3] I suspect that Plaintiff's recreational litigation habit is fostered by his ability to file complaints without scrutiny or expense.

---

[2] Even if it were otherwise, venue would lie in South Carolina, where Plaintiff is confined and the alleged acts of deprivation occurred. There is nothing in this record to suggest that any Defendant resides in this judicial district, or that this court is otherwise the appropriate forum to hear Plaintiff's case.

[3] As Plaintiff has already had three civil rights complaints dismissed as frivolous, any future IFP actions would be subject to dismissal under 28 U.S.C. §1915(g). See Exhibit B-6.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: _11/28/07_

6

# U.S. Party/Case Index

## All Types Name Search Results

**148 Total Party matches for selection RICHES, JONATHAN for ALL COURTS**
**Search Complete**
**Wed Nov 21 08:25:24 2007**
**Selections 1 through 54 (Page 1)**

● Download (3 pages $ 0.16)


Next 54

### Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | RICHES, JONATHAN | ilndce | 1:2006cv00978 | 02/22/2006 | 550 | 04/19/2006 |
| 2 | RICHES, JONATHAN | miedce | 2:2007cv14477 | 10/22/2007 | 550 | |
| 3 | RICHES, JONATHAN | miedce | 5:2007cv14528 | 10/23/2007 | 440 | |
| 4 | RICHES, JONATHAN | miedce | 2:2007cv14615 | 10/29/2007 | 550 | |
| 5 | RICHES, JONATHAN LEE | flmdce | 2:2007mc00033 | 09/27/2007 | | 09/27/2007 |
| 6 | RICHES, JONATHAN LEE | lawdce | 1:2007mc00034 | 10/15/2007 | | 10/15/2007 |
| 7 | RICHES, JONATHAN LEE | wydce | 2:2006cv00081 | 03/23/2006 | 550 | 05/18/2006 |
| 8 | RICHES, JONATHAN LEE | medce | 2:2007cv00124 | 07/16/2007 | 550 | 08/28/2007 |
| 9 | RICHES, JONATHAN LEE | kywdce | 4:2007cv00129 | 10/19/2007 | 550 | |
| 10 | RICHES, JONATHAN LEE | wvndce | 1:2007cv00130 | 09/24/2007 | 470 | |
| 11 | RICHES, JONATHAN LEE | flndce | 1:2007cv00150 | 08/16/2007 | 440 | |
| 12 | RICHES, JONATHAN LEE | gamdce | 4:2007cv00152 | 10/10/2007 | 550 | 11/09/2007 |
| 13 | RICHES, JONATHAN LEE | gamdce | 4:2007cv00159 | 10/18/2007 | 550 | |
| 14 | RICHES, JONATHAN LEE | medce | 2:2007cv00169 | 09/21/2007 | 550 | |
| 15 | RICHES, JONATHAN LEE | gamdce | 1:2007cv00176 | 09/10/2007 | 820 | 11/20/2007 |
| 16 | RICHES, JONATHAN LEE | kywdce | 5:2007cv00176 | 10/19/2007 | 550 | |
| 17 | RICHES, JONATHAN LEE | scdce | 6:2006cv00194 | 01/27/2006 | 540 | 03/17/2006 |
| 18 | RICHES, JONATHAN LEE | nhdce | 1:2007fp00212 | 07/16/2007 | 550 | |
| 19 | RICHES, JONATHAN LEE | wydce | 2:2007cv00253 | 10/15/2007 | 550 | |
| 20 | RICHES, JONATHAN LEE | pawdce | 1:2007cv00255 | 09/24/2007 | 440 | 11/05/2007 |
| 21 | RICHES, JONATHAN LEE | okedce | 6:2007cv00292 | 09/14/2007 | 840 | |
| 22 | RICHES, JONATHAN LEE | nvdce | 2:2006cv00293 | 03/08/2006 | 550 | 05/07/2007 |
| 23 | RICHES, JONATHAN LEE | nhdce | 1:2007fp00329 | 10/09/2007 | 360 | |
| 24 | RICHES, JONATHAN LEE | txwdce | 6:2007cv00330 | 10/10/2007 | 550 | 10/31/2007 |
| 25 | RICHES, JONATHAN LEE | nhdce | 1:2007fp00344 | 10/18/2007 | 550 | |
| 26 | RICHES, JONATHAN LEE | iasdce | 4:2007cv00369 | 08/20/2007 | 550 | 10/09/2007 |
| 27 | RICHES, JONATHAN LEE | inndce | 3:2007cv00375 | 08/14/2007 | 550 | 08/16/2007 |
| 28 | RICHES, JONATHAN LEE | kywdce | 3:2007cv00376 | 07/17/2007 | 550 | |
| 29 | RICHES, JONATHAN LEE | flmdce | 5:2007cv00376 | 09/17/2007 | 550 | 09/24/2007 |
| 30 | RICHES, JONATHAN LEE | vawdce | 7:2007cv00379 | 08/07/2007 | 550 | 08/13/2007 |

*Dism. as fnv. w/o filing fee* — (handwritten, left margin near row 29)

| | | | | | | |
|---|---|---|---|---|---|---|
| 31 | RICHES, JONATHAN LEE | ncwdce | 3:2007cv00384 | 09/12/2007 | 550 | 09/20/2007 |
| 32 | RICHES, JONATHAN LEE | nedce | 8:2007cv00388 | 09/27/2007 | 890 | 11/08/2007 |
| 33 | RICHES, JONATHAN LEE | flndce | 4:2007cv00408 | 09/21/2007 | 555 | 11/13/2007 |
| 34 | RICHES, JONATHAN LEE | vawdce | 7:2007cv00427 | 09/05/2007 | 550 | 09/12/2007 |
| 35 | RICHES, JONATHAN LEE | vaedce | 3:2007cv00434 | 07/23/2007 | 550 | 10/12/2007 |
| 36 | RICHES, JONATHAN LEE | scdce | 4:2006cv00442 | 02/16/2006 | 440 | 03/22/2006 |
| 37 | RICHES, JONATHAN LEE | nvdce | 3:2007cv00478 | 10/12/2007 | 440 | 10/16/2007 |
| 38 | RICHES, JONATHAN LEE | iasdce | 4:2007cv00485 | 10/22/2007 | 550 | |
| 39 | RICHES, JONATHAN LEE | vawdce | 7:2007cv00499 | 10/19/2007 | 550 | 10/23/2007 |
| 40 | RICHES, JONATHAN LEE | dedce | 1:2007cv00538 | 09/07/2007 | 555 | 10/05/2007 |
| 41 | RICHES, JONATHAN LEE | vaedce | 3:2007cv00594 | 09/25/2007 | 550 | |
| 42 | RICHES, JONATHAN LEE | vaedce | 3:2007cv00606 | 10/03/2007 | 550 | |
| 43 | RICHES, JONATHAN LEE | txndce | 4:2007cv00616 | 10/16/2007 | 440 | |
| 44 | RICHES, JONATHAN LEE | flmdce | 2:2007cv00619 | 09/24/2007 | 555 | 10/17/2007 |
| 45 | RICHES, JONATHAN LEE | vaedce | 3:2007cv00632 | 10/16/2007 | 550 | 11/20/2007 |
| 46 | RICHES, JONATHAN LEE | aredce | 4:2007cv00780 | 08/28/2007 | 550 | 10/02/2007 |
| 47 | RICHES, JONATHAN LEE | nmdce | 6:2007cv00843 | 08/28/2007 | 440 | 10/19/2007 |
| 48 | RICHES, JONATHAN LEE | txwdce | 5:2007cv00863 | 09/19/2007 | 550 | |
| 49 | RICHES, JONATHAN LEE | flmdce | 3:2007cv00893 | 09/19/2007 | 440 | |
| 50 | RICHES, JONATHAN LEE | paedce | 2:2006cv01055 | 03/09/2006 | 550 | 07/26/2006 |
| 51 | RICHES, JONATHAN LEE | okwdce | 5:2007cv01066 | 09/21/2007 | 820 | 10/24/2007 |
| 52 | RICHES, JONATHAN LEE | pawdce | 2:2007cv01237 | 09/13/2007 | 446 | 10/26/2007 |
| 53 | RICHES, JONATHAN LEE | nvdce | 2:2007cv01282 | 09/19/2007 | 550 | 10/19/2007 |
| 54 | RICHES, JONATHAN LEE | nvdce | 2:2007cv01331 | 10/01/2007 | 440 | 10/22/2007 |



Next 54

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/21/2007 08:25:24 | | |
| **PACER Login:** | us4424 | **Client Code:** |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | RICHES, JONATHAN |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

---

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help

# U.S. Party/Case Index

## All Types Name Search Results

**148 Total Party matches for selection RICHES, JONATHAN for ALL COURTS**
**Search Complete**
**Wed Nov 21 08:25:24 2007**
**Selections 55 through 108 (Page 2)**



●Download (3 pages $ 0.08)

Previous 54      Next 40

### Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 55 | RICHES, JONATHAN LEE | pawdce | 2:2007cv01338 | 10/03/2007 | 550 | 11/06/2007 |
| 56 | RICHES, JONATHAN LEE | pawdce | 2:2007cv01377 | 10/12/2007 | 550 | |
| 57 | RICHES, JONATHAN LEE | flmdce | 6:2007cv01378 | 08/31/2007 | 440 | 09/21/2007 |
| 58 | RICHES, JONATHAN LEE | candce | 3:2006cv01428 | 02/24/2006 | 550 | 05/30/2006 |
| 59 | RICHES, JONATHAN LEE | wawdce | 2:2007cv01480 | 09/21/2007 | 820 | |
| 60 | RICHES, JONATHAN LEE | flmdce | 6:2007cv01504 | 09/21/2007 | 440 | 09/24/2007 |
| 61 | RICHES, JONATHAN LEE | caedce | 1:2007cv01523 | 10/19/2007 | 440 | |
| 62 | RICHES, JONATHAN LEE | txndce | 3:2007cv01626 | 09/24/2007 | 550 | 11/06/2007 |
| 63 | RICHES, JONATHAN LEE | flmdce | 8:2007cv01644 | 09/14/2007 | 550 | 09/18/2007 |
| 64 | RICHES, JONATHAN LEE | lawdce | 1:2007cv01656 | 10/02/2007 | 550 | 10/04/2007 |
| 65 | RICHES, JONATHAN LEE | txndce | 3:2007cv01697 | 10/05/2007 | 550 | |
| 66 | RICHES, JONATHAN LEE | moedce | 4:2007cv01705 | 10/01/2007 | 550 | |
| 67 | RICHES, JONATHAN LEE | flmdce | 8:2007cv01730 | 09/24/2007 | 550 | 09/27/2007 |
| 68 | RICHES, JONATHAN LEE | pamdce | 1:2007cv01747 | 09/25/2007 | 550 | 11/02/2007 |
| 69 | RICHES, JONATHAN LEE | pamdce | 1:2007cv01761 | 09/24/2007 | 550 | 11/02/2007 |
| 70 | RICHES, JONATHAN LEE | azdce | 2:2007cv01824 | 09/24/2007 | 550 | |
| 71 | RICHES, JONATHAN LEE | gandce | 1:2007cv01858 | 08/03/2007 | 550 | 08/16/2007 |
| 72 | RICHES, JONATHAN LEE | pamdce | 1:2007cv01883 | 10/12/2007 | 550 | |
| 73 | RICHES, JONATHAN LEE | azdce | 2:2007cv01923 | 10/04/2007 | 550 | |
| 74 | RICHES, JONATHAN LEE | dcdce | 1:2007cv01977 | 11/02/2007 | 550 | 11/02/2007 |
| 75 | RICHES, JONATHAN LEE | caedce | 2:2007cv01985 | 09/24/2007 | 550 | |
| 76 | RICHES, JONATHAN LEE | azdce | 2:2007cv02026 | 10/18/2007 | 550 | |
| 77 | RICHES, JONATHAN LEE | codce | 1:2007cv02051 | 10/01/2007 | 555 | 11/08/2007 |
| 78 | RICHES, JONATHAN LEE | iandce | 6:2007cv02062 | 09/10/2007 | 550 | 10/03/2007 |
| 79 | RICHES, JONATHAN LEE | caedce | 2:2007cv02086 | 10/04/2007 | 550 | |
| 80 | RICHES, JONATHAN LEE | caedce | 2:2007cv02093 | 10/05/2007 | 550 | |
| 81 | RICHES, JONATHAN LEE | arwdce | 2:2007cv02103 | 09/20/2007 | 550 | 10/29/2007 |
| 82 | RICHES, JONATHAN LEE | caedce | 2:2007cv02182 | 10/15/2007 | 550 | |
| 83 | RICHES, JONATHAN LEE | codce | 1:2007cv02217 | 10/19/2007 | 555 | |
| 84 | RICHES, JONATHAN LEE | caedce | 2:2007cv02219 | 10/18/2007 | 550 | |

| 85 | RICHES, JONATHAN LEE gandce | 1:2007cv02313 | 09/21/2007 | 550 | 10/23/2007 |
| 86 | RICHES, JONATHAN LEE caedce | 2:2007cv02394 | 11/07/2007 | 550 | |
| 87 | RICHES, JONATHAN LEE caedce | 2:2007cv02395 | 11/07/2007 | 550 | |
| 88 | RICHES, JONATHAN LEE caedce | 2:2007cv02396 | 11/07/2007 | 550 | |
| 89 | RICHES, JONATHAN LEE caedce | 2:2007cv02397 | 11/07/2007 | 550 | 11/16/2007 |
| 90 | RICHES, JONATHAN LEE ohndce | 1:2007cv02486 | 08/16/2007 | 550 | 08/23/2007 |
| 91 | RICHES, JONATHAN LEE gandce | 1:2007cv02592 | 10/17/2007 | 540 | 10/23/2007 |
| 92 | RICHES, JONATHAN LEE gandce | 1:2007cv02609 | 10/18/2007 | 540 | 10/23/2007 |
| 93 | RICHES, JONATHAN LEE mddce | 8:2007cv02666 | 10/03/2007 | 550 | 10/09/2007 |
| 94 | RICHES, JONATHAN LEE scdce | 4:2007cv03163 | 09/19/2007 | 440 | |
| 95 | RICHES, JONATHAN LEE scdce | 4:2007cv03177 | 09/20/2007 | 440 | |
| 96 | RICHES, JONATHAN LEE scdce | 4:2007cv03191 | 09/24/2007 | 440 | 11/05/2007 |
| 97 | RICHES, JONATHAN LEE scdce | 4:2007cv03238 | 09/26/2007 | 440 | 11/16/2007 |
| 98 | RICHES, JONATHAN LEE ilcdce | 3:2007cv03282 | 10/23/2007 | 550 | 10/24/2007 |
| 99 | RICHES, JONATHAN LEE scdce | 4:2007cv03313 | 10/03/2007 | 440 | 11/05/2007 |
| 100 | RICHES, JONATHAN LEE scdce | 4:2007cv03327 | 10/16/2007 | 440 | |
| 101 | RICHES, JONATHAN LEE scdce | 4:2007cv03425 | 10/15/2007 | 440 | |
| 102 | RICHES, JONATHAN LEE scdce | 4:2007cv03456 | 10/17/2007 | 440 | |
| 103 | RICHES, JONATHAN LEE candce | 3:2007cv03695 | 07/18/2007 | 550 | 08/20/2007 |
| 104 | RICHES, JONATHAN LEE paedce | 2:2007cv04009 | 09/24/2007 | 550 | 09/28/2007 |
| 105 | RICHES, JONATHAN LEE paedce | 2:2007cv04149 | 10/03/2007 | 550 | 10/10/2007 |
| 106 | RICHES, JONATHAN LEE paedce | 2:2007cv04413 | 10/22/2007 | 550 | 10/25/2007 |
| 107 | RICHES, JONATHAN LEE candce | 3:2007cv04539 | 08/31/2007 | 550 | 10/03/2007 |
| 108 | RICHES, JONATHAN LEE njdce | 3:2007cv04952 | 10/15/2007 | 820 | 10/18/2007 |



Previous 54   Next 40

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/21/2007 08:43:04 | | |
| **PACER Login:** | us4424 | **Client Code:** | |
| **Description:** | All Types srch pg 2 | **Search Criteria:** | RICHES, JONATHAN |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help
? ? ?

# U.S. Party/Case Index

## All Types Name Search Results

**148 Total Party matches for selection RICHES, JONATHAN for ALL COURTS**
**Search Complete**
**Wed Nov 21 08:25:24 2007**
**Selections 109 through 148 (Page 3)**



●Download (3 pages $ 0.00)

Previous 54

### Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 109 RICHES, JONATHAN LEE | njdce | 1:2007cv05061 | 10/22/2007 | 550 | 10/26/2007 |
| 110 RICHES, JONATHAN LEE | candce | 3:2007cv05082 | 10/03/2007 | 555 | 10/25/2007 |
| 111 RICHES, JONATHAN LEE | candce | 3:2007cv05197 | 10/11/2007 | 550 | 10/25/2007 |
| 112 RICHES, JONATHAN LEE | candce | 3:2007cv05198 | 10/11/2007 | 550 | 10/25/2007 |
| 113 RICHES, JONATHAN LEE | candce | 3:2007cv05199 | 10/11/2007 | 550 | 10/25/2007 |
| 114 RICHES, JONATHAN LEE | candce | 3:2007cv05200 | 10/11/2007 | 550 | 10/25/2007 |
| 115 RICHES, JONATHAN LEE | candce | 3:2007cv05201 | 10/11/2007 | 550 | 10/26/2007 |
| 116 RICHES, JONATHAN LEE | candce | 3:2007cv05292 | 10/17/2007 | 550 | |
| 117 RICHES, JONATHAN LEE | candce | 3:2007cv05336 | 10/19/2007 | 550 | |
| 118 RICHES, JONATHAN LEE | candce | 3:2007cv05419 | 10/24/2007 | 550 | |
| 119 RICHES, JONATHAN LEE | candce | 3:2007cv05420 | 10/24/2007 | 550 | |
| 120 RICHES, JONATHAN LEE | candce | 3:2007cv05421 | 10/24/2007 | 550 | |
| 121 RICHES, JONATHAN LEE | candce | 3:2007cv05572 | 11/01/2007 | 550 | |
| 122 RICHES, JONATHAN LEE | candce | 3:2007cv05645 | 11/07/2007 | 550 | |
| 123 RICHES, JONATHAN LEE | candce | 3:2007cv05654 | 11/07/2007 | 550 | |
| 124 RICHES, JONATHAN LEE | candce | 3:2007cv05655 | 11/07/2007 | 550 | |
| 125 RICHES, JONATHAN LEE | candce | 3:2007cv05656 | 11/07/2007 | 550 | |
| 126 RICHES, JONATHAN LEE | ilndce | 1:2007cv05984 | 10/23/2007 | 550 | 10/31/2007 |
| 127 RICHES, JONATHAN LEE | cacdce | 2:2007cv06947 | 10/25/2007 | 440 | |
| 128 RICHES, JONATHAN LEE | cacdce | 2:2007cv06949 | 10/25/2007 | 550 | |
| 129 RICHES, JONATHAN LEE | laedce | 2:2007cv07200 | 11/05/2007 | 360 | 11/15/2007 |
| 130 RICHES, JONATHAN LEE | madce | 1:2006cv10499 | 03/17/2006 | 550 | 06/15/2006 |
| 131 RICHES, JONATHAN LEE | madce | 1:2007cv11817 | 09/26/2007 | 540 | 10/22/2007 |
| 132 RICHES, JONATHAN LEE | madce | 1:2007cv11972 | 10/17/2007 | 550 | 10/29/2007 |
| 133 RICHES, JONATHAN LEE | madce | 1:2007cv12013 | 10/23/2007 | 550 | 10/26/2007 |
| 134 RICHES, JONATHAN LEE | miedce | 2:2007cv13041 | 07/23/2007 | 555 | 08/08/2007 |
| 135 RICHES, JONATHAN LEE | flsdce | 2:2007cv14308 | 10/11/2007 | 440 | 11/14/2007 |
| 136 RICHES, JONATHAN LEE | miedce | 1:2007cv14469 | 10/22/2007 | 440 | |
| 137 RICHES, JONATHAN LEE | flsdce | 1:2007cv20042 | 01/05/2007 | 550 | 01/24/2007 |
| 138 RICHES, JONATHAN LEE | flsdce | 0:2007cv61371 | 09/26/2007 | 440 | 11/06/2007 |

## Criminal Cases

| Name | Court | Case No. | Filed | Closed | |
|------|-------|----------|-------|--------|--|
| 139 RICHES, JONATHAN LEE | txsdce | 4:2003cr00090 | 03/24/2003 | 06/10/2004 | |
| 140 RICHES, JONATHAN LEE | flmdce | 8:2003mj00097 | 02/25/2003 | | |
| 141 RICHES, JONATHAN LEE | txsdce | 4:2003mj00132 | 02/21/2003 | | |

## Appellate Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 142 RICHES, JONATHAN LEE | 09ca | 07-16616 | 09/10/2007 | 3550 | 11/06/2007 |
| 143 RICHES, JONATHAN LEE | 01ca | 07-2391 | 09/12/2007 | 2550 | |
| 144 RICHES, JONATHAN LEE | 04ca | 07-7248 | 08/27/2007 | 0 | 10/15/2007 |
| 145 RICHES, JONATHAN LEE | 04ca | 07-7267 | 08/30/2007 | 0 | 10/10/2007 |
| 146 RICHES, JONATHAN LEE | 04ca | 07-7394 | 10/02/2007 | 0 | |

## Appellate Cases

| | | | | | |
|--|--|--|--|--|--|
| 147 RICHES, JONATHAN LEE | 06cae | 07-2123 | 09/19/2007 | 3555 | |
| 148 RICHES, JONATHAN LEE | 06cae | 07-4130 | 09/13/2007 | 3440 | |



Previous 54

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/21/2007 08:43:12 | | |
| **PACER Login:** | us4424 | **Client Code:** |
| **Description:** | All Types srch pg 3 | **Search Criteria:** RICHES, JONATHAN |
| **Billable Pages:** | 1 | **Cost:** 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

??? Help

EXHIBIT B-1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JONATHON LEE RICHES©**
**d/b/a "SECURED PARTY,"**

               **Plaintiff,**               **CASE NUMBER: 07-13041**
                                                   **HONORABLE VICTORIA A. ROBERTS**

**v.**

**GUANTANAMO BAY, THE HAGUE,**
**ABU GHRAIB PRISON, SOVIET GULAG**
**ARCHIPELAGO, BELLEVUE HOSPITAL,**
**TEHRAN IRANS EVIN PRISON, RICKERS ISLAND,**
**UNITED STATES PENITENTIARY COLEMAN**
**FLORIDA, AUSCHWITZ CONCENTRATION CAMP,**
**SAN QUENTIN, CHESTER COUNTY PRISON**
**PENNSYLVANIA, GENEVA CONVENTION, MY LAI**
**MASSACRE, ATTICA CORRECTIONAL FACILITY, COOL**
**HAND LUKE, COOK COUNTY JAIL, ROBBINS ISLAND,**
**BATAAN DEATH MARCH, ALCATRAZ PENITENTIARY,**
**GEO GROUP, NAVY BRIG CHARLESTON S.C.,**
**"TDCJ" TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**HILLSBOROUGH COUNTY JAIL TAMPA FLORIDA;**
**SHAWSHANK REDEMPTION, CORRECTION CORP. OF**
**AMERICA "CCA",**

               **Defendants.**

_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

    Jonathon Lee Riches ("Plaintiff") filed a Complaint against Guantanamo Bay, The

Hague, Abu Grab Prison, Soviet Gulag Archipelago, Bellevue Hospital, Tehran Iran's

Evin Prison, Riker's Island, United States Penitentiary Coleman Florida, Auschwitz

Concentration Camp, San Quentin, Chester County Prison Pennsylvania, Geneva

Convention, My Lai Massacre, Attica Correctional Facility, Cool Hand Luke, Cook

1

County Jail, Robbins Island, Bataan Death March, Alcatraz Penitentiary, Geo Group,

Navy Brig Charleston S.C., "TDCJ" Texas Department Criminal Justice, Hillsborough

County Jail Tampa Florida, Shawshank Redemption, Correction Corp. Of America

"CCA" (collectively "Defendants").  Plaintiff alleges that Defendants *inter alia* engaged in

a conspiracy to: 1) kidnap his mind; 2) steal his identity; 3) violate his copyrighted name;

4) force him to eat rats; and 5) subject him to microwave testing.  Plaintiff seeks $728

trillion dollars in damages.

The Court generally may not *sua sponte* dismiss a complaint where the filing fee

has been paid unless the court gives the plaintiff the opportunity to amend the

complaint.  *Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir.1983).  A dismissal,

however, is warranted "pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v.

Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *see also Dekoven v. Bell*, 142 F.Supp.2d 748,

755 (E.D.Mich. 2001).  A complaint may be dismissed as frivolous "where it lacks an

arguable basis either in law or in fact" and includes allegations that are "clearly

baseless", "fantastic", or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*see also, Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Because Plaintiff's allegations are baseless, fantastic and delusional, the Court

dismisses his Complaint.

**IT IS SO ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
Dated: 8/8/07                            United States District Judge

2

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on August 8, 2007.

s/Carol A. Pinegar
Deputy Clerk

FILED

EXHIBIT B-2

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Initials

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JONATHAN LEE RICHES,

            Plaintiff,

-vs-                                             Case No. 6:07-cv-1504-Orl-31KRS

ORENTHAL JAMES SIMPSON; STEVE
JOBS; AND APPLE COMPUTER, INC.,                 2:07-mc-33-F+M

            Defendants.

_____

## ORDER

This matter comes before the Court on the complaint (Doc. 1) filed by the Plaintiff,

Jonathan Lee Riches ("Riches"), who is currently incarcerated at FCI Williamsburg.  A cursory

review of the complaint is sufficient to establish that it is nothing more than fanciful nonsense,

with Riches accusing the Defendants of a litany of offenses ranging from the wildly improbable to

the flatly impossible, with the latter predominating.  For example, Riches alleges that Simpson has

been Jobs's "hitman" since the "1985 MOVE house bombing in Philadelphia, which Jobs started

with borrowed pyrotechnics from Great White."  The remainder of the Complaint continues in the

same outlandish vein, with Dolly the Sheep, Lance Armstrong's bicycle, Princess Diana, and the

United Auto Workers making appearances, among many others.   The whole thing reads like a

cross between Billy Joel's "We Didn't Start the Fire" and a Dr. Bronner's soap label, if Dr.

Bronner had been a first-year law student with untreated paranoid schizophrenia.

This is not Riches's first appearance before the undersigned.  Several weeks ago, he filed

suit against Elvis Presley and Neverland Ranch for, *inter alia*, "WAR CRIMES Rock N Rollin My

SCANNED

Brain." (Doc. 1 at 1 in Case No. 6:07-cv-1378-GAP-KRS).  Riches even has his own Wikipedia

entry – http://en.wikipedia.org/wiki/Jonathan_Lee_Riches – chronicling some of the dozens of

similar suits he has filed in federal courts across the country.

  It is not clear whether these outlandish pleadings are products of actual mental illness or

simply a hobby akin to short story writing.  Whatever their origin, and though they are amusing to

the average reader, they do nothing more than clog the machinery of justice, interfering with the

court's ability to address the needs of the genuinely aggrieved.  It is time for them to stop.

  The Court notes that Riches did not pay the filing fee in either of the cases he filed here.

Rather than impose sanctions, the Court will simply require that he pay that fee with any future

complaints.  If this requirement fails to dissuade Riches from further meritless filings, the Court

will impose stiffer requirements and/or sanctions until Riches finds another way to occupy his

time.

  In consideration of the foregoing, it is hereby

  **ORDERED AND ADJUDGED** that the Complaint (Doc. 1) is **DISMISSED WITH**

**PREJUDICE** as obviously frivolous, and the Clerk is directed to close the case.  And it is further

  **ORDERED** that the Plaintiff, Jonathan Lee Riches, is **RESTRICTED** from filing any

civil complaints in this Court without payment of the full statutory filing fee.  The Clerk is directed

to **REFUSE** any complaint that is not accompanied by that fee at the time of its attempted filing.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on September 24, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

-2-

Copies furnished to:

Counsel of Record
Unrepresented Party

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

EXHIBIT B-3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES | CIVIL ACTION NO. 07-1656-A |
| -vs- | JUDGE DRELL |
| JENA 6, et al. | MAGISTRATE JUDGE KIRK |

## ORDER

Before the Court is plaintiff Jonathan Lee Riches' self-styled "Motion for Clarification" (attached as Exhibit 1 and not accepted for filing), seeking further explanation of our October 4, 2007 order. In the interest of transparency, and because this is the first document by the plaintiff we have seen that is not patently ludicrous, we explain and refine the order.

Mr. Riches, as noted in our October 4 order and as demonstrated in the attachment thereto, has made a hobby of filing suits in federal court during his incarceration. The suits conform to the following template:

(1) Name as plaintiff the first thing that comes to mind. (It need not be a juridical person; an abstract concept will do.)

(2) Using free association, string together incoherent paragraphs to form a complaint.

(3) Wait for the inevitable dismissal of the complaint as frivolous or otherwise.[1]

---

[1] Mr. Riches' complaints have already been dismissed as frivolous under 28 U.S.C. § 1915 or § 1915A in the following cases: Riches v. Craig, 2007 U.S. Dist. LEXIS 75090, 2007 WL 2964256 (D. Del. 2007); Riches v. Peterson, 2007 U.S. Dist. LEXIS 76477, 2007 WL 2900401 (D. Cal. 2007);

The joke, we must admit, is at first mildly amusing, but it grows tedious in the retelling. It is too predictable and too tired; more important, it is a drain on the judicial system. The time spent simply disposing of Mr. Riches' frivolous complaints takes away from other, more productive, work.

We are reminded of "The Boy Who Cried Wolf," although, given the nonsensical nature of Mr. Riches' complaints, it would be more appropriately entitled "The Boy Who Cried Jabberwocky." To flood the Courts with indisputably frivolous complaints like the one dismissed in this case weakens his credibility in any future non-frivolous case he might bring. Mr. Riches is advised to observe a moment of silent reflection before submitting any more of these frivolous suits.

We recognize Mr. Riches' constitutional right to be heard, but that right extends only to non-frivolous complaints. See, e.g., 28 U.S.C. §§ 1915 and 1915A. Based on Mr. Riches' history of frivolous lawsuits and to prevent widespread attention when they are docketed and made public, the Court will henceforth screen anything from Mr. Riches with utmost vigilance and allow only non-

---

Riches v. Schiavo, 2007 U.S. Dist. LEXIS 68827, 2007 WL 2729681 (D. Fla. 2007); Riches v. Williams, 2007 U.S. Dist. LEXIS 67446 (D. Va. 2007); and Riches v. Swartz, 2007 U.S. Dist. LEXIS 58918, 2007 WL 2319819 (D. Va. 2007). Furthermore, a magistrate judge has recommended dismissal of the complaint as frivolous (though the current status is not clear) in the following cases: Riches v. Newdow, 2007 U.S. Dist. LEXIS 77609, 2007 WL 3046051 (D. Cal. 2007); Riches v. Rudolph, 2007 U.S. Dist. LEXIS 77867, 2007 WL 3053312 (D. Cal. 2007); Riches v. Weaver, 2007 U.S. Dist. LEXIS 76335 (D. Cal. 2007); Riches v. Kaczynski, 2007 U.S. Dist. LEXIS 75040 (D. Cal. 2007); and Riches v. Gov't Snitches & Informants, Inc., 2007 U.S. Dist. LEXIS 60031 (D. Fla. 2007).

frivolous claims to be docketed.[2]  In order to balance the Court's interest in controlling its docket against Mr. Riches' right to be heard in non-frivolous suits,

IT IS ORDERED that Jonathan Lee Riches is barred from making any further filings in the Western District of Louisiana without first obtaining permission of the Court.  In the event Mr. Riches attempts to file ANYTHING in this district without proof of the Court's permission, the Clerk is directed to discard it and not accept it for filing, effective immediately.  This ruling is not conditioned on whether the suit is in forma pauperis or paid in full.  The rule and requirement herein is the same in either case.

SIGNED on this 24 day of October, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[2] Cf. 28 U.S.C. § 1915(A):

(a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or * * *

Id. (emphasis added).

3

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 15 2007

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUT.
SHREVEPORT

no order

Jonathan Lee Riches,
Plaintiff

V.

CIV.L No: 07-1656-A

JENA 6, et al.

## MOTION FOR CLARIFICATION

Comes Now the Plaintiff, Jonathan Lee Riches, in pro-se, Moves this Honorable Chief Judge for clarification on Magistrate Judge Kirk and United States District Judge Dee D. Drell's order barring me from making any future filings in the Western District of Louisiana. Plaintiff prays to hear clarification

### 1

Plaintiff has a Constitutional right to be heard in this Court and the Western District of Louisiana if a party injures me in the future, Is this court saying I'm barred in any, shape, or form from filing a future lawsuit if I pay the $350.00 filing fee ? The Aclu has told me personally on 10-9-07 to ask this question, I'm forwarding a copy to the 5th circuit court of Appeals

Respectfully
Submitted

Jonathan Lee Richs

CC: 5th circuit court of Appeals

Notice of
APPEAL

Name: Jonathan Lee Riches ©
Register Number: 40948-018
F.C.I. Williamsburg
Inmate Mail
P.O. Box 340
Salters, SC 29590

FLORENCE SC
10 OCT 2007 PM

United States Court of Western
District of Louisiana
Clerk of Court
300 FANNIN St, Suite 1167
SHREVEPORT, LOUISIANA 71101

71101-3083

FCI/SCP WILLIAMSBURG
P O BOX 220
SALTERS, SC 29590
Date: 10/10-07

The enclosed letter was processed through special mail
procedures for forwarding to you. The letter was
neither opened nor inspected. If the writer raises a
problem over which this facility has jurisdiction, you
may wish to return the material for further
information or clarification. If the writer encloses
correspondence for forwarding to another address,
return the enclosure to the above address.

_____
Mail Room Officer

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 0 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

*Bars Riches from any further filings*

EXHIBIT B-4

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **JONATHAN LEE RICHES** | **CIVIL ACTION NO. 07-1656-A** |
| **-vs-** | **JUDGE DRELL** |
| **JENA 6, et al.** | **MAGISTRATE JUDGE KIRK** |

## O R D E R

This action by Jonathan Lee Riches, an inmate at the Federal Correctional Institute in Williamsburg, South Carolina, has been rejected for filing deficiencies. This plaintiff is known to the Court as a charlatan who apparently simply has nothing else to do but draft spurious suits to file in federal court. See, as an attachment to this Order, the Pacer United States Party/Case Name Index.

While most courts appreciate a good joke, there is nothing funny about his suits, which are intended to garner publicity and nothing else. Mr. Riches has also already gained his own entry in Wikipedia, a dubious honor in such circumstances. The Court will not waste perfectly good time and resources in allowing Mr. Riches an inroad into the system

Accordingly, and in appreciation of this Court's inherent power to control its docket, this suit is DISMISSED and Mr. Riches is barred from making any

further filings in the Western District of Louisiana. ANY pleadings, materials, documents and anything else received from him are to be discarded by the Clerk and not accepted for filing, effective immediately.

SIGNED on this 4th day of October, 2007, at Alexandria, Louisiana.


DEE D. DRELL
UNITED STATES DISTRICT JUDGE

# U.S. Party/Case Index

## All Types Name Search Results

**77 Total Party matches for selection RICHES, JONATHAN LEE for ALL COURTS**
Search Complete
**Thu Oct 4 13:21:32 2007**
**Selections 1 through 54 (Page 1)**

● Download (2 pages $ 0.08)

 Next 23

Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | RICHES, JONATHAN LEE flmdce | 2:2007mc00033 | 09/27/2007 | | 09/27/2007 |
| | In re: Jonathan Lee Riches | | | | | |
| 2 | RICHES, JONATHAN LEE wydce | 2:2006cv00081 | 03/23/2006 | 550 | 05/18/2006 |
| | Riches v. United States Military et al | | | | | |
| 3 | RICHES, JONATHAN LEE medce | 2:2007cv00124 | 07/16/2007 | 550 | 08/28/2007 |
| | RICHES v. FEDERAL JUDICIAL SYSTEM et al | | | | | |
| 4 | RICHES, JONATHAN LEE wvndce | 1:2007cv00130 | 09/24/2007 | 470 | |
| | Riches v. Crandall Canyon Mine et al | | | | | |
| 5 | RICHES, JONATHAN LEE flndce | 1:2007cv00150 | 08/16/2007 | 440 | |
| | RICHES v. ONSTAR CORPORATION et al | | | | | |
| 6 | RICHES, JONATHAN LEE medce | 2:2007cv00169 | 09/21/2007 | 550 | |
| | RICHES v. FANFAN et al | | | | | |
| 7 | RICHES, JONATHAN LEE gamdce | 1:2007cv00176 | 09/10/2007 | 820 | |
| | Riches v. 50 Cent | | | | | |
| 8 | RICHES, JONATHAN LEE scdce | 6:2006cv00194 | 01/27/2006 | 540 | 03/17/2006 |
| | Riches v. Bureau of Prisons et al | | | | | |
| 9 | RICHES, JONATHAN LEE nhdce | 1:2007fp00212 | 07/16/2007 | 550 | |
| | Riches v. Jewish Mossad et al | | | | | |
| 10 | RICHES, JONATHAN LEE pawdce | 1:2007cv00255 | 09/24/2007 | 440 | |
| | RICHES v. KARR et al | | | | | |
| 11 | RICHES, JONATHAN LEE okedce | 6:2007cv00292 | 09/14/2007 | 840 | |
| | Riches v. Underwood | | | | | |
| 12 | RICHES, JONATHAN LEE nvdce | 2:2006cv00293 | 03/08/2006 | 550 | 05/07/2007 |
| | Riches v. Defcon, et al | | | | | |
| 13 | RICHES, JONATHAN LEE iasdce | 4:2007cv00369 | 08/20/2007 | 550 | |
| | Riches v. I-35W Bridge | | | | | |
| 14 | RICHES, JONATHAN LEE inndce | 3:2007cv00375 | 08/14/2007 | 550 | 08/16/2007 |
| | Riches v. Bonds et al | | | | | |
| 15 | RICHES, JONATHAN LEE kywdce | 3:2007cv00376 | 07/17/2007 | 550 | |
| | Riches v. Identity Theft Inc. et al | | | | | |

16 RICHES, JONATHAN LEE flmdce  5:2007cv00376  09/17/2007  550  09/24/2007
Riches v. Snipes

17 RICHES, JONATHAN LEE vawdce  7:2007cv00379  08/07/2007  550  08/13/2007
Riches v. Swartz et al

18 RICHES, JONATHAN LEE ncwdce  3:2007cv00384  09/12/2007  550  09/20/2007
Riches v. Gordon et al

19 RICHES, JONATHAN LEE flndce  4:2007cv00408  09/21/2007  555
RICHES v. SIMPSON et al

20 RICHES, JONATHAN LEE vawdce  7:2007cv00427  09/05/2007  550  09/12/2007
Riches v. Williams et al

21 RICHES, JONATHAN LEE vaedce  3:2007cv00434  07/23/2007  550
Riches v. Vick

22 RICHES, JONATHAN LEE scdce  4:2006cv00442  02/16/2006  440  03/22/2006
Riches v. Bush

23 RICHES, JONATHAN LEE dedce  1:2007cv00538  09/07/2007  555
Riches v. Craig et al

24 RICHES, JONATHAN LEE vaedce  3:2007cv00594  09/25/2007  550
Riches v. Simpson et al

25 RICHES, JONATHAN LEE vaedce  3:2007cv00606  10/03/2007  550
Riches v. Lindh et al

26 RICHES, JONATHAN LEE flmdce  2:2007cv00619  09/24/2007  555
Riches v. Noriega

27 RICHES, JONATHAN LEE aredce  4:2007cv00780  08/28/2007  550  10/02/2007
Riches v. Wal-Mart Stores Inc

28 RICHES, JONATHAN LEE nmdce  6:2007cv00843  08/28/2007  440
Riches v. Imus

29 RICHES, JONATHAN LEE flmdce  3:2007cv00893  09/19/2007  440
Riches v. Simpson

30 RICHES, JONATHAN LEE paedce  2:2006cv01055  03/09/2006  550  07/26/2006
RICHES v. BUSH et al

31 RICHES, JONATHAN LEE okwdce  5:2007cv01066  09/21/2007  820
Riches v. Underwood

32 RICHES, JONATHAN LEE pawdce  2:2007cv01237  09/13/2007  446
RICHES v. INTERNATIONAL OLYMPIC COMMITTEE et al

33 RICHES, JONATHAN LEE nvdce  2:2007cv01282  09/19/2007  550
Riches v. Simpson

34 RICHES, JONATHAN LEE nvdce  2:2007cv01331  10/01/2007  440
Riches v. Jones

35 RICHES, JONATHAN LEE pawdce  2:2007cv01338  10/03/2007  550
RICHES vs. STEWART ET AL

36 RICHES, JONATHAN LEE flmdce  6:2007cv01378  08/31/2007  440  09/21/2007
Riches v. Presley et al

37 RICHES, JONATHAN LEE candce  3:2006cv01428  02/24/2006  550  05/30/2006
Riches v. Uniform Commercial Code

38 RICHES, JONATHAN LEE wawdce 2:2007cv01480 09/21/2007 820
Riches v. Gates et al

39 RICHES, JONATHAN LEE flmdce 6:2007cv01504 09/21/2007 440 09/24/2007
Riches v. Simpson et al

40 RICHES, JONATHAN LEE txndce 3:2007cv01626 09/24/2007 550
Riches v. Holy Land Foundation For Relief and Development et al

41 RICHES, JONATHAN LEE flmdce 8:2007cv01644 09/14/2007 550 09/18/2007
Riches v. Schiavo et al

42 RICHES, JONATHAN LEE lawdce 1:2007cv01656 10/02/2007 550
Riches v. Jena 6

43 RICHES, JONATHAN LEE flmdce 8:2007cv01730 09/24/2007 550 09/27/2007
Riches v. Theresa Marie Schindler Schiavo et al

44 RICHES, JONATHAN LEE pamdce 1:2007cv01747 09/25/2007 550
Riches v. Beckham et al

45 RICHES, JONATHAN LEE pamdce 1:2007cv01761 09/24/2007 550
Riches v. FEMA et al

46 RICHES, JONATHAN LEE azdce 2:2007cv01824 09/24/2007 550
Riches v. DMX

47 RICHES, JONATHAN LEE gandce 1:2007cv01858 08/03/2007 550 08/16/2007
Riches et al v. Vick et al

48 RICHES, JONATHAN LEE caedce 2:2007cv01985 09/24/2007 550
(PC)Riches v. Kaczynski

49 RICHES, JONATHAN LEE codce 1:2007cv02051 10/01/2007 555
Riches v. McVeigh et al

50 RICHES, JONATHAN LEE iandce 6:2007cv02062 09/10/2007 550 10/03/2007
Riches v. Tyson

51 RICHES, JONATHAN LEE arwdce 2:2007cv02103 09/20/2007 550
Riches v. Karr et al

52 RICHES, JONATHAN LEE gandce 1:2007cv02313 09/21/2007 550
Riches v. Simpson et al

53 RICHES, JONATHAN LEE ohndce 1:2007cv02486 08/16/2007 550 08/23/2007
Riches v. James et al

54 RICHES, JONATHAN LEE mddce 8:2007cv02666 10/03/2007 550
Riches v. Brady et al

# U.S. Party/Case Index

## All Types Name Search Results

**77 Total Party matches for selection RICHES, JONATHAN LEE for ALL COURTS**
**Search Complete**
**Thu Oct 4 13:21:32 2007**
**Selections 55 through 77 (Page 2)**

●Download (2 pages $ 0.00)



Previous 54

### Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 55 RICHES, JONATHAN LEE scdce | | 4:2007cv03163 | 09/19/2007 | 440 | |
| Riches v. Simpson | | | | | |
| 56 RICHES, JONATHAN LEE scdce | | 4:2007cv03177 | 09/20/2007 | 440 | |
| Riches v. Simpson et al | | | | | |
| 57 RICHES, JONATHAN LEE scdce | | 4:2007cv03191 | 09/24/2007 | 440 | |
| Riches v. Simpson et al | | | | | |
| 58 RICHES, JONATHAN LEE scdce | | 4:2007cv03238 | 09/26/2007 | 440 | |
| Riches v. Simpson et al | | | | | |
| 59 RICHES, JONATHAN LEE candce | | 3:2007cv03695 | 07/18/2007 | 550 | 08/20/2007 |
| Riches v. Sheehan et al | | | | | |
| 60 RICHES, JONATHAN LEE paedce | | 2:2007cv04009 | 09/24/2007 | 550 | 09/28/2007 |
| RICHES v. U.S. POSTAL SERVICE et al | | | | | |
| 61 RICHES, JONATHAN LEE paedce | | 2:2007cv04149 | 10/03/2007 | 550 | |
| JONATHAN LEE RICHES v. SCARFO et al | | | | | |
| 62 RICHES, JONATHAN LEE candce | | 3:2007cv04539 | 08/31/2007 | 550 | 10/03/2007 |
| Riches v. Peterson et al | | | | | |
| 63 RICHES, JONATHAN LEE madce | | 1:2006cv10499 | 03/17/2006 | 550 | 06/15/2006 |
| Riches v. Federal Reserve Bank et al | | | | | |
| 64 RICHES, JONATHAN LEE madce | | 1:2007cv11817 | 09/26/2007 | 890 | |
| Riches v. Belichick et al | | | | | |
| 65 RICHES, JONATHAN LEE miedce | | 2:2007cv13041 | 07/23/2007 | 555 | 08/08/2007 |
| Riches v. Guantanamo Bay et al | | | | | |
| 66 RICHES, JONATHAN LEE flsdce | | 1:2007cv20042 | 01/05/2007 | 550 | 01/24/2007 |
| Riches v. Doe | | | | | |
| 67 RICHES, JONATHAN LEE flsdce | | 0:2007cv61371 | 09/26/2007 | 440 | |
| Riches v. Simpson et al | | | | | |

### Criminal Cases

| Name | Court | Case No. | Filed | Closed |
|------|-------|----------|-------|--------|
| 68 RICHES, JONATHAN LEE txsdce | | 4:2003cr00090 | 03/24/2003 | 06/10/2004 |

USA v. Carpenter, et al

69 RICHES, JONATHAN LEE flmdce 8:2003mj00097 02/25/2003

USA v. Riches, et al

70 RICHES, JONATHAN LEE txsdce 4:2003mj00132 02/21/2003

USA v. Carpenter, et al

## Appellate Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 71 RICHES, JONATHAN LEE 09ca | | 07-16616 | 09/10/2007 | 3550 | |
| RICHES vs. SHEEHAN | | | | | |
| 72 RICHES, JONATHAN LEE 01ca | | 07-2391 | 09/12/2007 | 2550 | |
| RICHES vs. FEDERAL JUDICAL | | | | | |
| 73 RICHES, JONATHAN LEE 04ca | | 07-7248 | 08/27/2007 | 0 | |
| RICHES vs. SWARTZ | | | | | |
| 74 RICHES, JONATHAN LEE 04ca | | 07-7267 | 08/30/2007 | 0 | |
| RICHES vs. VICK | | | | | |
| 75 RICHES, JONATHAN LEE 04ca | | 07-7394 | 10/02/2007 | 0 | |
| RICHES vs. WILLIAMS | | | | | |

## Appellate Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 76 RICHES, JONATHAN LEE 06cae | | 07-2123 | 09/19/2007 | 3555 | |
| JONATHAN RICHES v. GUANTANAMO BAY | | | | | |
| 77 RICHES, JONATHAN LEE 06cae | | 07-4130 | 09/13/2007 | 3440 | |
| JONATHAN RICHES v. LEBRON JAMES, et al | | | | | |

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 13 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00379 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JON SWARTZ, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a Federal inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Riches alleges that the defendants have violated his rights by "trading with the enemy," hacking his computer, and committing copyright infringement, murder, treason, illegal wiretapping, identity theft, phishing, spamming, code cracking, and "federal tort claims." As Riches has not submitted the necessary $350 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request. The court finds that Riches' claims are frivolous and, therefore, dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I.

Riches names Jon Swartz of USA Today and cardcops.com, "Virginia Tech Shooting," Ed Mierzwinski of U.S. PIRG (a federation of state Public Interest Research Groups), "creditcards.com," "Phishing," and the "World Wide Web" as defendants to his action. Riches alleges that defendant Swartz is a reporter for USA Today and cardcops.com, who writes about

---

[1] The court also notes that none of the named defendants are proper defendants in action pursuant to § 1983. West v. Atkins, 487 U.S. 42 (1988); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). However, the court will not give Riches the opportunity to amend his complaint because his allegations are nevertheless frivolous.

1

cybercrime.  Riches alleges that Swartz's stories "show the know how and encourage[] people to commit cybercrime," which, he claims "is entrapment."  Swartz allegedly writes about how to commit credit card fraud, encode data on a magnetic strip, and steal someone's identity.  "Then he sits back and waits.  Then reports the crime to the FBI for whistle blowing money."

Riches further alleges that Swartz "provided Cho [Seung-Hui, the Virginia Tech gunman,] the credit card to buy handguns to shoot Virginia Tech," that he "showed Cho how to boost his credit score to get higher available credit," and that he "showed Cho how to commit identity theft and phishing over the w[orld] w[ide] w[eb]."  Riches continues on to state that Swartz is involved in a "vast conspiracy" with defendant Ed Mierzwinski, students of Norris Hall (an engineering classroom building located on the Virginia Tech campus), and "convicted computer hackers and phreakers"[2] to use his online hacking handle "Gino Romano" to publish different ways to "do cybercrime."  He also claims that they "hacked [his] mind."

As relief, Riches seeks a restraining order against Swartz and Virginia Tech, preventing them from publishing any articles and ordering them to stay away from Riches, to stop using his "copyrighted name" in newspaper articles, to stop calling him a "super hacker," and to stop violating his "6th Amendment rights to being a[n] identity th[ief] [and] identity fraud kingpin which was not proven by a jury [sic]."

## II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a

---

[2] "Phreakers" is the slang term for people who study, experiment with, or explore telephone systems, the equipment of telephone companies, and systems connected to public telephone networks.  See Wikipedia, http://en.wikipedia.org/wiki/Phreaking (last visited August 8, 2007).

2

result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." § 1915(e)(2)(B)(i). Fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, Riches' allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court dismisses his complaint as frivolous.

### III.

For the reasons stated, the court will dismiss Riches' complaint without prejudice pursuant to § 1915(e)(2)(B)(i).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER:** This *13th* day of August, 2007.

_____
United States District Judge

---

[3] Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action under this statute, if on three or more occasions, he has brought an action or an appeal in the federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A search on PACER reveals that in addition to having six cases dismissed for failure to comply and seven cases currently pending throughout the United States, Riches already has one strike assessed against him. See Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007). Riches is hereby put on notice that the dismissal of this case as frivolous now counts as his second strike.

3

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 2 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES,<br>**Plaintiff,** | Civil Action No. 7:07-cv-00427 |
| v. | **MEMORANDUM OPINION** |
| VENUS WILLIAMS, <u>et al.</u>,<br>**Defendants.** | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Jonathan Lee Riches, a Virginia prisoner proceeding <u>pro se</u>, filed this complaint which the court will construe as an action pursuant to 42 U.S.C. § 1983. As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed <u>in forma pauperis</u> and deny that request.

According to court records, Riches has had three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Riches may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

---

[1] <u>See</u> <u>Riches v. Bush</u>, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); <u>Riches v. Doe</u>, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); <u>Riches v. Swartz</u>, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007). The court notes, that in his last case before this court, <u>Riches v. Swartz</u>, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007), the court advised Riches that he had two strikes against him, however, it has been brought to the court's attention that he received an additional strike from <u>Riches v. Bush</u>, No. 4:06cv00442 (D. S.C. Mar. 22, 2006). Accordingly, Riches has at least three strikes against him.

[2] Riches names tennis players Venus and Serena Williams, their father Richard Williams, the "U.S. Open," and "poltergeist" as defendants to his action. He claims that defendants Venus and Serena Williams are "reaching through the T.V. set to grab [him] during the U.S. Open," in an "attempted coup of [his] mind." He also alleges that the poltergeist is "roaming our airwaves and CB radio." He states that Richard Williams has had a "beef with [him] since the Nixon era" and that "he still rents summer homes from Randy Weaver." Riches claims that the tennis balls used in the U.S. Open are "electrons and neurons stolen from [his] head." He alleges that the defendants also "took Van Gogh paintings from [him]." He further alleges that Serena Williams "put the knife in Monica Seles shoulder" in 1999 and that he taught Venus Williams how to play table tennis in the county jail in 2004. Finally, he claims that the defendants told him that "they want to eat [his] head for supper" and that they want to "learn identity theft from [him]." As relief,
(continued...)

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This _12th_ day of September, 2007.

_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

---

[2](...continued)
Riches asks the courts to "withdraw the Williams sisters from any more tennis tournaments" and, pursuant to Fed. R. Civ. P. Rule 64, "seize U.S. Open tennis balls [and] bring [his] neurons back [to him]."

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." § 1915(e)(2)(B)(i). Fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, Riches' allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court finds that his complaint is frivolous.

[3] The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaint.

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL WEBBER,

          Plaintiff,                   Case Number: 06-14022

v.                                   HON. BERNARD A. FRIEDMAN

SGT. WEIDMAN, ET AL.,

          Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff, a state inmate at the Standish Correctional Facility in Standish, Michigan, has filed a civil rights complaint under 42 U.S.C. § 1983, and an application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has filed three prior civil rights complaints which have been dismissed as frivolous. Therefore, the Court shall dismiss the pending complaint pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). Plaintiff has filed three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Webber v. Standish Maximum Correctional Facility*, No. 05-cv-10126 (E.D. Mich. Nov. 8, 2005); *Webber v. Standish Maximum Corr. Facility*, No. 06-cv-11921 (E.D. Mich. May 10, 2006); *Weber v. McGinnis*, No. 06-cv-12226 (E.D. Mich. May 22, 2006).

A plaintiff may maintain a civil action without prepayment of the filing fee despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the pending case, Plaintiff fails to allege that he is under imminent danger of future harm. Therefore, he will not be permitted to proceed without prepayment of the filing fee and his complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).

Accordingly, **IT IS ORDERED** that Plaintiff's Application to Proceed Without

---

[1] Section 1915(g) provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Prepayment of Fees or Costs is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).


_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

DATED: